## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 14-81298-CIV-HURLEY

BROOKLANDS, INC.,
      **Plaintiff,**

**vs.**

JEFFREY SWEENEY and
US CAPITAL PARTNERS, LLC,
      **Defendants.**
_____/

### ORDER GRANTING IN PART AND DENYING IN PART
### PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
### AND DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM [82]

**THIS CAUSE** arises out of a dispute over a $1.5 million credit facility application and related fee agreement between the plaintiff, Brooklands, Inc. ("Brooklands"), a manufacturer of touchless thermometers, and the defendant, US Capital Partners, LLC ("US Capital"), a private investment bank. The case is currently before the Court on Plaintiff's Motion to Strike the Affirmative Defenses to the Amended Complaint and Motion to Dismiss the Counterclaim [ECF No. 82], the Defendants' Response in Opposition to the Motion [ECF No. 89] and the Plaintiff's Reply [ECF No. 94]. For the reasons which follow, the Plaintiff's motion to strike shall be granted in part and denied in part, and its motion to dismiss the counterclaim shall be denied.

### BACKGROUND

The factual background giving rise to the Plaintiff's complaint is detailed in the Court's prior order of partial dismissal with prejudice of certain claims [ECF No. 71] and will not be repeated here. At this juncture, the only claims left for determination are Plaintiff's claims for breach of contract, tortious interference with an advantageous business relationship and common law libel and slander -- all premised on alleged fraudulent UCC filings made by the defendants after entering into a general release of all claims arising out of the parties' fee agreement.

In its Amended Answer to these claims [ECF No. 81, pp. 34-36], the defendants assert the following affirmative defenses:

(1) Estoppel – Defendants assert that Plaintiff is estopped from asserting a breach of contract (breach of release) claim against US Capital based on the conduct of a previously named defendant, Entrepreneur Growth Capital, LLC (EGC) – an alleged assign of US Capital – because Plaintiff never asked that EGC be made a party to the release, the release makes no specific mention of EGC, and at no time prior to executing the release did Plaintiff ever advise Defendants that it interpreted the word "assign" to include EGC;

(2) Release – Defendants assert that Plaintiff is precluded from asserting any claims arising from or related to the prior fee agreement between the parties under operation of a mutual  general release of all such claims executed by the parties on October 13, 2013;

(3) Waiver – Defendants assert  that Plaintiff's  alleged failure to request that EGC be named in the release, and failure to inform Defendants that it viewed EGC as an "assign" of US Capital which was likewise bound by the release, operates as a waiver of Plaintiff's claims to the extent based on conduct of EGC;

(4)  Failure to mitigate damages – Defendants assert that Plaintiff's failure to respond to repeated telephone messages seeking information regarding its demand for the withdrawal of US Capital's post-release UCC filings constitutes a "failure to mitigate damages" which reduces, in whole or in part, any recovery on its remaining claims;

(5)  Set-off  for  attorney's fees and costs - Defendants assert that any recovery obtained by Plaintiff on its remaining claims is subject to a set-off  in the amount of attorney's fees and costs incurred by Defendants in connection with  their successful enforcement of the October 13, 2013 release  as an absolute defense to the Plaintiff's  fraud-based claims (RICO,  fraudulent inducement

2

to contract) and unjust enrichment claim, all of which were involuntarily dismissed with prejudice on motion of Defendants at the outset of this litigation.

Defendants also assert a counterclaim for attorney's fees and costs incurred in connection with their successful enforcement of the release as an absolute defense to those claims.

The case is now before the Court on Plaintiff's motion to strike the affirmative defenses as legally insufficient and motion to dismiss the counterclaim for failure to state a claim on which relief may be granted.

## DISCUSSION

Under Rule 12(f), the Court may order that "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter" be stricken from a pleading. Fed. R. Civ. P. 12 (f). An affirmative defense is properly stricken under this authority "if the defense is insufficient as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681 (M.D. Fla. 2002), *quoting Anchor Hocking Corp. v. Jacksonville Electric Authority*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

An affirmative defense is insufficient as a matter of law if: (1) on the face of the pleadings it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Id.* On the other hand, to the extent that that a defense puts into issue relevant and substantial legal and factual questions, it is "sufficient" and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

A defense may be insufficiently pleaded if it fails to impart the level of notice required by Rule 8. Rule (b) (1) (A) requires that a party "state in short and plain terms its defense to each claim asserted against it." To satisfy Rule 8, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds on which it rests. *LSREF2 Baron, L.L.C. v. Touch,* 751 F.3d 394,

3

398 (5th Cir. 2014).

In its current motion to strike, Plaintiff contends, first, that Defendants' "estoppel" defense, based on Brooklands' alleged failure to inform US Capital that it interpreted the word "assign," as used in the release, to include EGC fails to describe an unfair shifting or assumption of contrary positions that would support the defense of equitable estoppel. Put another way, Plaintiff complains that Defendants fail to identify any affirmative statement or conduct, or concealment of facts, which conceivably could be viewed as a material representation that is contrary to a position later taken by the Plaintiff and made under circumstances that would support the assertion of equitable estoppel.

The Court agrees that the Plaintiff's alleged silence and failure to advise Defendants of its belief that EGC operated as an "assign" of US Capital fails to state facts supporting an estoppel defense as a matter of law. Brooklands had no legal obligation to advise US Capital that it interpreted the term "assign" to include EGC as a predicate to enforcing the release on the basis of EGC's conduct. Therefore, that Brooklands did not put US Capital on notice that it viewed ECG as its "assign" could not, under any liberal reading of the pleadings, suffice as the factual predicate for assertion of an equitable estoppel defense. Accordingly, the Court shall grant Plaintiff's motion to strike the Defendants' first affirmative defense of estoppel as legally insufficient.

The Defendants' related "waiver" defense, also based on Brookland's alleged failure to alert US Capital that it interpreted the word "assign" to include EGC, asserted as the Defendants' third affirmative defense, shall be stricken as legally insufficient for this same reason.

The Court further finds that the defense of "release," asserted as the Defendants' second affirmative defense, is properly stricken as a legally insufficient defense to the remaining breach of contract and tort claims, all of which are premised on post-release conduct of the Defendants. The parties do not dispute, as alleged in Plaintiff's complaint, that they entered into a "Full and Final

4

Release Agreement" dated October 14, 2013, under which each party agreed to release the other from any claims arising out of or relating to the "fee agreement" governing Brooklands' credit application. Nor do the parties dispute that this release contained a fee-shifting clause authorizing an award of reasonable attorney's fees and costs to any party that successfully enforced the release in a judicial proceeding:

> In the event that any party should bring an action or other proceeding against any other party for the enforcement of, or seek a declaration as to, or assert by way of defense any terms or provision of this release, there shall be an award of reasonable attorney's fees and costs to the prevailing party or parties as the case may be.

The Court previously determined that claims arising out of the Defendants' alleged post- release fraudulent UCC filings - i.e. breach of the release agreement; common law libel/slander; tortious interference with advantageous business relationship - are not barred by the October 14, 2013 release.  As Defendants present no persuasive argument supporting a reconsideration or alteration of this ruling, the Court shall strike the second affirmative defense of "release" as a legally invalid defense to the remaining claims, all of which arise out of post-release conduct attributed to the Defendants.

Defendant's fourth affirmative defense contends that Plaintiff's causes of action are barred in whole or in part by Plaintiff's failure to mitigate damages, and specifically, by Plaintiff's failure to return phone calls regarding its demand for the withdrawal of certain post-release UCC filings.  The Court agrees that this defense should be stricken because Defendants fail to identify the source of any duty to communicate and fail to explain how Plaintiff's failure to return phone calls contributed to the complained-of damages.  That is, Defendants do not allege a causal connection between the Plaintiff's claimed inaction and the nature or degree of damages sustained.  Because the "failure to mitigate damages" affirmative defense does not set forth a "short and plain statement" adequately

explaining its factual basis, the Court shall strike the defense as legally insufficient with leave for Defendants to amend.

Finally, as to the fifth affirmative defense of "set-off" for attorneys' fees incurred by Defendants in connection with their successful enforcement of the release as an absolute bar to the Plaintiff's pre-release fraud-based claims  (RICO; fraudulent inducement) and unjust enrichment claim,  the Court shall deny the motion to strike.  In cases brought in federal court under its diversity jurisdiction, courts must apply the law of the forum state to determine an award of attorney's fees and expenses, *Trans Coastal  Roofing Co. v. David Boland, Inc.,* 309 F.3d 758 (11th Cir. 2002).  The Court thus applies Florida law to the decision of whether attorney's fees are recoverable by Defendants for successfully defending the fraud-based claims that were involuntarily dismissed with prejudice on motion of the defendants.

Florida law enforces "prevailing party" clauses in enforceable contracts.  *Ameripath, Inc. v. Wetherington,* 2011 WL 3475367 (S.D. Fla. 2011).  Where, as here, a plaintiff's claims are involuntarily dismissed on the merits with prejudice, the defendants are appropriately viewed as "prevailing parties" who qualify for an award of attorney's fees under a contractual fee-shifting provision.  *See e.g. Bank of New York v. Williams,* 979 So.2d 347 (Fla. 1st DCA 2008) (defendant in mortgage foreclosure action which resulted in dismissal of complaint with prejudice was prevailing party, even though bank initiated a new foreclosure action against defendant involving same factual and legal issues as those raised in dismissed action); *Nudel v. Flagstar Bank, FSB*, 60 So.3d 1163 (Fla. 4th DCA 2011).

The Plaintiff contends that US Capital cannot be considered a "prevailing party" for purposes of the fee-shifting clause in the release because Rule 54 (d) (2), governing claims for attorney's fees, requires that such claims must be made by motion filed within 14 days of entry of final judgment.

6

Plaintiff contends that it is premature to determine which party qualifies as a "prevailing party" at this juncture because there has been no final judgment; rather, Defendants have simply obtained partial relief via an order on a motion to dismiss which resolved some, but not all of the claims asserted in this action. Plaintiff further contends that the issue has been improperly framed as an affirmative defense and/or counterclaim, when Rule 54 (d) (2) (A) requires that a claim for attorney's fees be made by motion. The Court disagrees.

At this juncture, the Court is simply recognizing the potential for assessment of an attorney fee judgment in favor of defendants under the fee-shifting clause of the release. A determination on defendants' entitlement to an award for successfully defending the dismissed claims shall be deferred until the time for entry of final judgment on all claims.

With this predicate, the Court finds that the assertion of the claimed set-off for attorney's fees is not premature, and may be preserved by way of affirmative defense to the remaining claims in addition to a motion submitted under Rule 54(d)(2) (A). The Court likewise finds that the Defendants' corresponding counterclaim for attorney's fees incurred in successfully defending the previously dismissed claims, via invocation of the release, states a claim on which relief may be granted. Effectively, Defendants allege the Plaintiff's breach of the fee-shifting provision of the release agreement as a premise for this cause of action. The matter is properly alleged in the alternative as an affirmative counterclaim.

Whether asserted as a set-off to any recovery that Plaintiff may obtain on its remaining claims in this action, or as an affirmative counterclaim, the Defendants have identified a valid contractual basis for a potential recovery of attorney's fees incurred in the successful defense of the fraud-based and unjust enrichment claims which were dismissed with prejudice based on release at the outset of this litigation. The Plaintiff's motion to strike the Defendants' affirmative defense of set-off and

corresponding motion to dismiss the counterclaim shall accordingly be denied.

**DECRETAL PROVISIONS**

Based on the foregoing, it is **ORDERED and ADJUDGED**:

1.  The Plaintiff's motion to strike is **GRANTED** as to the first, second, and third affirmative defenses.

2.  The Plaintiff's motion to strike is **GRANTED** as to the fourth affirmative defense, with leave to amend.  Defendants shall have **TEN (10) DAYS** within which to file an amended pleading as to the affirmative defense of failure to mitigate damages only.

3.  The Plaintiff's motion to strike is **DENIED** as to the fifth affirmative defense.

4.   The plaintiff's motion to dismiss the counterclaim for attorneys' fees and costs is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 21st day of August, 2015.

Daniel T. K. Hurley
United States District Judge

cc.  all counsel